IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TINA MARIE SOMERLOTT, )
)
        Plaintiff, )
)
v. )   Case No. CIV-08-429-D
)
CHEROKEE NATION DISTRIBUTORS, INC., )
*et al.*, )
)
        Defendants. )

**O R D E R**

Before the Court is Plaintiff Tina Marie Somerlott's Motion to Set Aside Order of Dismissal to Allow Filing of Motion to Compel Agreed-Upon Responses to Discovery [Doc. No. 87], filed April 21, 2010. Defendant CND, LLC, has responded in opposition to the Motion, and the time for filing a reply brief has expired. The Motion is thus at issue.

Although no procedural rule is cited, the Court considers the Motion to be one to alter or amend the judgment under Fed. R. Civ. P. 59(e) because Plaintiff seeks, in a timely manner, relief from the judgment of dismissal based on the merits of the decision. *See Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005) ("District courts should evaluate postjudgment motions filed within [the time period permitted by Rule 59] based on the reasons expressed by the movant . . . ."); *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.") (internal quotation omitted).

This action was dismissed for lack of jurisdiction based on a determination that Defendants are entitled to tribal sovereign immunity. The disposition hinged on Defendants' evidence, which

was unrebutted by Plaintiff, showing that CND, LLC (formerly, Cherokee Nation Distributors, Inc.) is a subdivision of the Cherokee Nation. By her Motion, Plaintiff seeks to reopen the case so that she can file a motion to compel financial records that may be relevant to the Court's analysis.

The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'") (quoting *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted). When utilizing a Rule 59(e) motion to submit additional evidence, "the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted). In this case, Plaintiff fails to acknowledge this standard of decision and fails to satisfy it.

Plaintiff's Motion is not based on the discovery of new evidence or based on an unsuccessful but diligent effort to discover evidence. To the contrary, Plaintiff received ample opportunity for discovery in this case but failed to act diligently in pursuing any outstanding discovery requests, in carrying out the parties' agreement regarding document production, and in complying with the Court's directions regarding the terms of an agreed protective order.

The deadline to complete jurisdictional discovery was repeatedly extended and finally expired on September 30, 2009. Defendants' motion to dismiss was fully briefed on January 7, 2010, but Plaintiff filed motions to compel discovery that remained pending. With the Court's

assistance, the parties reached an agreement on February 4, 2010, regarding Plaintiff's motion to compel.  Pursuant to that agreement, the parties moved for the entry of an agreed protective order, but the Court rejected their proposed order due to certain deficiencies.  According to Defendant's unanswered response brief, Plaintiff's counsel thereafter refused to cooperate in correcting those deficiencies.  As a consequence, the Court proceeded to issue its ruling on April 16, 2010, without any further submissions.  Accordingly, Plaintiff cannot legitimately complain that she was denied a fair opportunity to submit relevant evidence or that relief from the judgment is necessary to prevent injustice.  In addition, Plaintiff merely argues that the unproduced financial records are "necessary for the evaluation of the facts."  *See* Motion, ¶ 12.  She does not allege or attempt to show that the records would reveal any error in the Court's jurisdictional ruling.  Therefore, the Court finds no basis for relief from its prior decision and judgment.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Set Aside Order of Dismissal [Doc. No. 87] is DENIED.

    IT IS SO ORDERED this 11<u>th</u> day of June, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE